# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 03 C 975 | **DATE** | 6/18/2003 |
| **CASE TITLE** | Seidat vs. Allied Interstate, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] REPORT AND RECOMMENDATION is hereby submitted to Judge Guzman recommending that the District Court GRANT plaintiff's motion for class certification [2-1]. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control,* 64 F.3d 327, 330 (7th Cir. 1995). All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | **2** number of notices | **Document Number** |
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | JUN 19 2003 date docketed | |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | 6/19/2003 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | | | |
| KF | courtroom deputy's initials | CLERK, U.S. DISTRICT COURT 03 JUN 18 PM 1:18 FILED Date/time received in central Clerk's Office | | KF mailing deputy initials | |

| | | |
|---|---|---|
| TERRY O. SEIDAT, individually and as next friend of ELLE R. SEIDAT, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 03 C 0975 |
| v. | ) ) | Judge Guzman |
| ALLIED INTERSTATE, INC., | ) ) | Magistrate Judge Mason |
| Defendant. | ) ) | |

DOCKETED
JUN 1 9 2003

## REPORT AND RECOMMENDATION

On February 11, 2003, plaintiff, Terry O. Seidat, on behalf of Elle R. Seidat, filed this lawsuit, alleging that the debt collection practices engaged in by defendant Allied Interstate, Inc. ("Allied") violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. Seq., ("FDCPA"). Plaintiff also filed a motion for class certification. The District Court referred the matter of class certification to us for a report and recommendation. For the following reasons, we recommend that the District Court grant plaintiff's motion and certify a class.

Allied is a part of IntelliRisk Management Corp., a company that seeks to collect approximately $60 million in consumer telecommunications debt in the state of Illinois annually. Between June and September 2002, defendant sent three letters to Elle R. Seidat offering to "settle" her account for 70% of the outstanding balance. Plaintiff alleges that these letters misled her to believe that upon paying 70% of what she owed, her remaining balance would become zero. However, as noted on the bottom of each letter, payment of the 70% would not



settle the account, but rather the remaining 30% still would be owed to the telephone company, in this case AT&T.

The first letter also included a specific deadline; each of the two ensuing letters stated that the offer was being extended to a new deadline. Plaintiff alleges that Allied was willing to accept the 70% payment at any time regardless of stated deadlines. Consequently, plaintiff asserts that these deadlines were fictitious, and Allied thus intended to mislead her into believing that, upon the passing of the stated date, the opportunity to settle the account for a 70% payment would expire.

Lastly, plaintiff alleges that the letters she received are form letters that Allied sends regularly to collect telecommunications debts. According to the books and records of Allied, there are more than 500 persons with Illinois addresses who were mailed a letter containing an offer to settle an outstanding telecommunications debt for 50% or more of the balance, with a purported deadline, sent on or after February 10, 2002. Plaintiff has undertaken discovery to ascertain the exact number of individuals in the class.

Generally, class action certification is appropriate for FDCPA claims. The special damage provisions and criteria in 15 U.S.C. §§1692k(a)(2)(B) and (b)(2) of the FDCPA specify how to assess damages for class actions. *Shea v. Codilis*, 99 C 57, 2000 WL 336567 (N.D.Ill. Mar. 31, 2000); *Roe v. Publishers Clearing House*, 1999 WL 966977 (N.D.Ill. Oct. 4, 1999).

The plaintiff bears the burden of demonstrating that class certification is appropriate. *General Tel. Co. v. Falcon*, 457 U.S. 147, 160-61 (1982). In this

2

case, the proposed class consists of (a) all natural persons with Illinois addresses who, according to the books and records of Allied Interstate, Inc. (b) were sent a letter containing a settlement offer of 50% or more with a purported deadline, (c) which was not returned by the Postal Service, (d) seeking to collect a purported residential telephone card debt (e) which letter was sent on or after February 10, 2002 (one year prior to the filing of this action).

To certify this class plaintiff must demonstrate that the class meets the four requirements of Federal Rule of Civil Procedure 23(a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Once these four factors have been demonstrated, plaintiff must, in addition, establish that the class meets one of the three categories set forth in Federal Rule of Civil Procedure 23(b): (1) the prosecution by or against individual members of the class would create the risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (b) adjudication with respect to the individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially, impair or impede their ability to protect their interests; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final

3

injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Plaintiff asserts that 23(b)(3) is the appropriate category.

In response, defendant argues that plaintiff fails to prove Rule 23(a)(1), (2) and (3) requirements, and further contends that the class is not a viable 23(b)(3) class.

First, we examine whether plaintiff has provided adequate evidence to establish 23(a)(1), the numerosity requirement. The plaintiff need not specify the exact number of persons in the class. *Vergara v. Hampton,* 581 F.2d 1281, 1284 (7th Cir. 1978). When the class number is at least 40, joinder is usually considered impracticable. *Swanson v. American Consumer Industries,* 415 F.2d 1326, 1333 (7th Cir. 1969) (finding 40 sufficed); *Cypress v. Newport News General & Nonsectarian Hospital Ass'n,* 375 F.2d 648, 653 (4th Cir. 1967) (holding 18 people as sufficient to meet the numerosity requirement).

It has been held that the party moving for class certification cannot rely on "conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity." *Marcial v. Coronet Ins. Co,* 880 F.2d 954, 957 (7th Cir. 1989). This proposition, however, must be qualified because the plaintiff can rely on conclusory allegations that joinder is impractical as long as at least "one iota of evidence as to the number of people who may have

4

received [the] letter" in question is proffered. *See Wilner v. Allied Collection Services, Inc.,* 198 F.R.D. 393, 396 (S.D.N.Y. 2001).

In this case, the plaintiff asserts that the class will be comprised of at least 50 individuals. This number is a rough estimate derived from Allied's annual financial records. Allied is a part of IntelliRisk Management Corp., a corporation that seeks to collect approximately $60 million in consumer telecommunications debt each year in the state of Illinois. Plaintiff reasons that because the average telephone bill is less than $1 million dollars, at least 50 individuals incurred the $60 million debt. Additionally, defendant admits that at least 500 persons with Illinois addresses were mailed a letter offering settlements of 50% or more, with a purported deadline, for telecommunications debt, sent after February 10, 2002. Plaintiff therefore concludes that the forthcoming discovery will invariably result in at least 40 class members, which consequently satisfies the numerosity requirement.

The defendant asserts that this statistical data is conclusory in nature and does not present the "one iota" of evidence necessary to prove numerosity. It is true that some courts have held that statistics alone do not suffice to prove numerosity. *See Wilner* 198 F.R.D. at 396 (holding that plaintiffs fail to prove that the class size is sufficiently large to fulfill the numerosity requirement even though "(1) defendant used a standard form letter; (2) OSI is one of the largest debt collection agencies in the United States and contacts a large number of consumer debtors each year; and (3) the creditor for whom OSI was collecting an

alleged debt from plaintiff is MCI, one of the largest telecommunications companies in the country).

However, courts have held that as long as discovery to determine the exact number of class members is imminent, estimated statistics can demonstrate the necessary "one iota" of evidence to prove numerosity. *Peters v. AT&T Corporation*, 179 F.R.D. 564, 566-67 (N.D.Ill. 1998) (holding that the numerosity requirement is met where the plaintiff asserts merely that AT&T is a "large long distance telephone carrier and the collection letter sent to Mr. Peters is a form letter to collect amounts allegedly owed to AT&T," but discovery is pending).

In this case, although plaintiff relies on estimated statistics to demonstrate numerosity, discovery is forthcoming to ascertain the exact number of individuals in the class. Pending said discovery, the numerosity requirement is therefore fulfilled.

Both the 23(a)(2) commonality and 23(a)(3) typicality requirements are closely related. *Rosario v. Livadits*, 963 F.2d 1013, 1018 (7th Cir. 1992). Rule 23(a)(2) requires that all class members' cases have common questions of law or fact. Rule 23(a)(3) requires that the class representative's claim be representative of the common question of law or fact; the class representative's claim "must have the same essential characteristics as the claims of the class at large." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, at 597 (7th Cir. 1993) (citing *Dela Fuente v. Stokely v. Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). A plaintiff who does not meet the Rule 23(a)(3) typicality

requirement does not have a claim common to the class, which subsequently destroys the Rule 23(a)(2) commonality requirement.

To prove that the plaintiff does not, in fact, meet the typicality requirement, the defense relies exclusively on *Brider v. Nationwide Credit Inc.*, 97 C 3830, 1998 WL 729747 (N.D.Ill., Oct. 14, 1998). Brider received a form letter from Nationwide, the contents of which were allegedly misleading in violation of the FDCPA. Nationwide, however, countered that even if the form letter was misleading, Brider could not be the class representative because his claim was not typical of the average member of the proposed class. Prior to sending the form letter in question, Nationwide's normal debt collection practice is to first send a different, initial letter and then contact the individual by phone. Brider, however, asserts that he never received the initial letter or the phone call. The court held that a typical class member would have received the initial letter and the phone call before the allegedly misleading form letter. Consequently, the court concluded that Brider did not have the same essential characteristics of the proposed class, and therefore Brider did not meet the typicality or commonality requirements.

The facts in *Brider* are distinguishable from the case at issue. In *Brider*, the defendant offered evidence to suggest that its normal debt collection practice differed from that used on the proposed class representative. Allied, however, fails to provide any evidence, whether concrete or constructive, that the collection practices used on Elle Seidat were atypical. Without proof to the contrary,

7

plaintiff's assertion that Elle Seidat was subject to Allied's typical debt collection practices endures.

Defendant next argues that commonality fails because plaintiff has not demonstrated that each member of the proposed class has the same essential characteristics to be considered part of the class. However, as explained *supra* with respect to numerosity, enough evidence has been proffered to suggest that the other class members will meet the criteria of being (a) all natural persons with Illinois addresses who, according to the books and records of Allied Interstate, Inc. (b) were sent a letter containing a settlement offer of 50% or more with a purported deadline, (c) which was not returned by the Postal Service, (d) seeking to collect a purported residential telephone card debt (e) which letter was sent on or after February 10, 2002 (one year prior to the filing of this action). Defendant therefore fails to prove that typicality and commonality are not met.

Lastly, the defendant argues that plaintiff's proposed class does not fit in the Rule 23(b)(3) category which requires that questions of law or fact common to class members predominate over individual issues. Defendant relies on the proposition that the 23(b)(3) predominance classification and 23(a)(2) commonality requirement are closely related so that a finding of one will generally satisfy a finding of the other. *Clark v. Retrieval Masters Creditors Bureau,* 185 F.R.D. 247, 250 (N.D.Ill. 1988). Because defendant asserts that commonality is not met, it argues that the class cannot be certified under 23(b)(3). However, because we hold that the plaintiff has satisfied the commonality requirement, the defendant's argument proves 23(b)(3) rather than negating it. Consequently,

8

questions of law or fact are common to all potential class members and do predominate over individual differences. Thus, the 23(b)(3) categorization is appropriate for the proposed class.

We therefore recommend that the District Court grant plaintiff's motion for class certification. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

ENTER:

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: June 18, 2003**